UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| RONNIE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13-0101 |
| | ) | Judge Sharp |
| FLOWERS BAKERY OF | ) | |
| CROSSVILLE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

In this action that was removed from state court, Defendant Flowers Bakery of Crossville, LLC has filed a Motion for Summary Judgment (Docket No. 7) on the grounds that the Tennessee Workers' Compensation Act is Plaintiff Ronnie Campbell's exclusive remedy for redressing the injuries he sustained while cleaning the Flowers Bakery facility. Plaintiff has filed a response in opposition to the Motion (Docket No. 19), to which Defendant has replied (Docket No. 23). For the reasons that follow, summary judgment will be granted to Defendant.

## I. FACTUAL BACKGROUND

For the most part, the relevant facts are undisputed. They are as follows:

Flowers Bakery produces snack cakes, both under its own brand name and for private label customers such as Wal-Mart and grocery store chains. Because of the nature of its business and its size, Flowers Bakery requires extensive ongoing sanitation services.

On September 23, 2003, Flowers Bakery and Aramark Management Services, LP entered into a contract for services, whereby Aramark was to provide the sanitation services at the bakery as an independent contractor. Prior to the contract, Flowers Bakery employees performed those

2

services.

Aramark Management Services Facilities has performed the cleaning work at the bakery through employees of Aramark Business Facilities. Those employees have done so routinely and in accordance with the terms of the contract. That work is essential to the operation of the bakery and helps ensure that the plant is clean, sanitary, and in compliance with applicable safety regulations.

Since March 2012, Plaintiff has been employed by Aramark Business Facilities as a sanitation worker. His primary job duties include breaking down and cleaning equipment, and sweeping and mopping floors.

When performing sanitation work at Flowers Bakery, Plaintiff was paid by Aramark Business Facilities, and his uniform, work boots, gloves, cleaning solutions, mops, and brooms were provided by that company, not by Flowers. Aramark Business Facilities also assigned tasks, supervised, and controlled the details of Plaintiff's work. Additionally, Aramark Business Facilities had the right to discipline Plaintiff and the authority to terminate his employment.

On August 27, 2102, Plaintiff slipped and fell while mopping the floor at Flowers Bakery. He claims that glycerin used in the baking process had spilled onto the floor while being poured from a barrel.

As a result of the fall, Plaintiff alleges that he injured his back, his right knee, and both hips. Thereafter, he filed suit in the Cumberland Circuit Court alleging that Flowers Bakery was negligent because, *inter alia*, it failed to (1) discover and clean-up the glycerin on the floor; (2) install a catch pan under the barrel drum, so as to prevent glycerin from falling onto the floor; and (3) warn its business invitees of the dangerous and unsafe slippery condition of the factory floor.

3

## II. STANDARD OF REVIEW

The standards governing Motions for Summary Judgment are well known, and for present purposes it suffices to note that a party may obtain summary judgment if the evidence establishes there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox Cnty. Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in his or her favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. APPLICATION OF LAW

Flowers Bakery moves for summary judgment solely on the basis that it is a "statutory employer" under the Tennessee Workers' Compensation Act and, as such, Plaintiff's exclusive remedy for the injuries he sustained is pursuant to the Act. This Court agrees.

"Under the Tennessee Workers' Compensation Act, an employee injured in an accident while in the course and scope of employment is generally limited to recovering workers' compensation benefits from the employer." Murray v .Goodyear Tire & Rubber Co., 46 S.W.3d 171, 175 (Tenn. 2001) (citing Tenn. Code Ann. § 50–6–103). While "[c]overage under the Act depends primarily on the existence of an employer-employee relationship," the Tennessee "legislature has extended this relationship and has made principal contractors liable under certain circumstances for injuries sustained by the employees of subcontractors." Id. As the Tennessee Supreme Court explained:

4

> In essence, the Act creates "statutory employers" in situations where injured workers are unable to recover compensation from their immediate employers. The purpose of this provision is to "protect employees of irresponsible and uninsured subcontractors by imposing ultimate liability on the presumably responsible principal contractor, who has it within his power, in choosing subcontractors, to pass upon their responsibility and insist upon appropriate compensation for their workers." . . . Moreover, the statute prevents principal contractors from contracting out work to prevent liability by giving the claimant the right to recover from the principal contractor as a statutory employer if the immediate employer cannot pay.

Id. (internal citations omitted).

"Statutory employers" are set forth in Section 113 of the Act which, so far as relevant, provides as follows:

> (a) A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of the subcontractors of the principal, intermediate contractor, or subcontractor and engaged upon the subject matter of the contract to the same extent as the immediate employer.
>
> \*          \*          \*
>
> (d) This section applies only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under the principal contractor's control or management.

Tenn. Code Ann. § 50-6-113. "A worker must first present a claim for compensation against his or her immediate employer, and the collection of full compensation from the immediate employer will bar recovery by the worker against a principal contractor." Fayette Janitorial Serv. v. Kellogg USA, Inc., 2013 WL 428647, at *3 (Tenn. Ct. App. Feb. 4, 2013) (citing Tenn. Code Ann. § 50–6–113(c)). "In other words, the principal contractor 'is secondarily liable for workers' compensation, and thus pays workers' compensation only if the immediate employer cannot do so.'" Id. (citation omitted). "Still, due to section 50–6–113, the principal contractor can be held responsible for workers' compensation benefits 'if lower level employers or subcontractors do not carry the required

5

insurance.'" Id.

In this case, it is undisputed that Plaintiff was injured on Flowers Bakery's premises while performing sanitation services in accordance with the contract the bakery had with Aramark Management Services. Moreover, Plaintiff concedes that "[t]he exclusive remedy provision of Tennessee's workers' compensation law states that any party responsible for paying worker compensation benefits, either the immediate employer or the 'statutory employer' under Tenn. Code Ann. § 50-60-113, is immune from suit other than a suit for workers' compensation benefits when an employee suffers an injury on the job." (Docket No. 21 at 7). This is clearly the law, as "'Tennessee courts have held that the exclusive remedy rule protects statutory employers from tort claims by employees of their subcontractors for injuries covered by the Tennessee workers' compensation act, even if the immediate employer pays the entire workers' compensation claim,'" and "even in situations in which the statutory employer was not in fact required to pay worker's compensation benefits to the worker." Fayette Janitorial, 2013 WL 428647, at *4-5 (citation omitted).

Despite his concession, Plaintiff argues that summary judgment is inappropriate for two reasons. First, he argues that his employer, Aramark Business Facilities, was not a subcontractor of Flowers Bakery. Second, he argues that his employer was an independent contractor.

With regard to the first argument, Plaintiff relies heavily on Stratton v. United Inter-Mountain Tele. Co., 695 S.W.2d 947, 950 (Tenn. 1985), wherein the Tennessee Supreme Court stated that "[t]he basis of liability under the Worker's Compensation Act is the employer-employee relationship" and set forth the factors generally considered in determining whether an employer-employee relationship exists. Those factors include the "'(1) right to control the conduct of work;

6

(2) right of termination; (3) method of payment; (4) whether alleged employee furnishes his own helpers; (5) whether alleged employee furnishes his own tools; and (6) whether one is doing work for another.'" Id. (quoting, Carver v. Sparta Elec. Sys., 690 S.W.2d 218 (Tenn. 1985))..

Based upon the evidence before the Court, all factors, save the last, point to the conclusion that Plaintiff was not an employee of Flowers Bakery, but rather an employee of Aramark Business Facilities. However, as the court in Stratton also stated, "the responsibility for worker's compensation benefits is expanded beyond the traditional employer-employee relationship to principal and intermediate contractors and subcontractors" by virtue of Tenn. Code Ann. § 50-6-113.

"[I]t is not a prerequisite that a court finds a company had the right of control in order to find that it is a statutory employer under Tenn. Code Ann. § 50-6-113." Griffith v. Jellico Comm. Hosp., Inc., 2010 WL 2160775, at *4 (Tenn. Ct. App. May 28, 2010). In fact, in a decision rendered after Stratton, the Tennessee Supreme Court stated that "[g]enerally, a company is considered a principal contractor if: (1) the company undertakes work for an entity other than itself; (2) the company retains the right of control over the conduct of the work and the subcontractor's employees; or (3) the work being performed by a subcontractor's employees is part of the regular business of the company or is the same type of work usually performed by the company's employees." Lindsey v. Trinity Comm., Inc., 275 S.W.3d 411, 421 (Tenn. 2009). These tests are mutually exclusive, and only one need be met. Griffith, 2010 WL 2150775, at *4 (collecting cases).

Here, the first test is inapplicable, as Flowers Bakery did not undertake work for an entity other than itself, and the second test weighs in favor of finding that Flowers Bakery was not a principal contractor because Aramark Business Facilities had the right to control Plaintiff's work. As for the third test, "[w]hether work is a regular part of the business of any entity is a fact-specific

7

inquiry, relative to the size and scope of the business." Lindsey, 275 S.W.3d at 422. However, in this case, Plaintiff, in response to Flower Bakery's Statement of Facts, concedes that (1) "Flowers Bakery is engaged in a business, which by its size and nature requires it to have an extensive ongoing program for sanitation services in order to maintain its operations"; (2) "[p]rior to the contract, employees of Flowers Bakery performed sanitation services at its Crossville facility"; and (3) "Flowers Bakery employees were capable of doing the sanitation work, but given the size and nature of the plant and its operations, Flowers Bakery contracted with Aramark [Management Services] to provide an extensive ongoing program for sanitation services." (Docket No. 20 at 1-2).

To be clear, the contract to provide sanitation services was between Flowers Bakery and Aramark Management Services. It was not with Plaintiff's employer, Aramark Business Facilities, and Plaintiff argues that this mandates the denial of summary judgment.

Section 113 applies to "any employee injured while in the employ of any of the subcontractors of the principal, intermediate contractor, or subcontractor and engaged upon the subject matter of the contract to the same extent as the immediate employer." Tenn. Code. Ann. 50-6-113(a). "Section 50–6–113 'operates by passing along to upstream contractors the responsibility either to require their immediate contractors or subcontractors to provide workers' compensation coverage to their own employees or to be responsible for the coverage themselves.'" Blackwell v. Comanche Const., Inc., 2013 WL. 1557599, at *5 (Tenn. Ct. App. April 15, 2013) (citation omitted). Thus, "a principal contractor will be liable when, at the time of the injury, the employee was engaged upon the subject matter of the general contract, and the injury occurred on, or in or about the premises under the management or control of the principal contract." Murray, 46 S.W.3d at 175.

It is undisputed that Aramark Management Services entered into a contract to perform

8

sanitation services at the bakery, that it was responsible for supplying the employees necessary to perform those services, that it utilized Aramark Business Facilities' employees (including Plaintiff) for that purpose, and that Plaintiff was injured on bakery property while performing work required by the contract. As such, the Court finds that Flowers Bakery was Plaintiff's statutory employer under the Workers' Compensation Act.

Plaintiff's second argument – that Flowers Bakery is not entitled to immunity from suit as a "statutory employer" because Aramark Business Facilities was an independent contractor – must also be rejected. In Murray, the Tennessee Supreme Court observed that Section 113 extended the employer-employee relationship and the exclusive remedy protection of the Act to "the employees of subcontractors, regardless of whether such subcontractors are independent contractors," Murray, 46 S.W. 3d at 17; hence, "[a] principal contractor 'may be held liable for injuries sustained by employees of his subcontractors, even when those subcontractors are deemed to be independent contractors.'" Fayette Janitorial, 2013 WL 428647, at *3. This conclusion remains even though the contract at issue may have deemed Aramark Management Services an independent contractor because "the designation given by the parties in their contract does not dictate the applicability of the Workers' Compensation Law," and "[t]he statute effectively permits a worker who could otherwise be classified as an independent contractor of the principal contractor, under other tests for employment, to be deemed a 'statutory' employee in order to recover workers' compensation." Id., at *6. "Correctly understood, the statutory employer rule represents an exception to the rule that independent contractors are not covered by the workers' compensation act." Id.

In short, the Court finds that Plaintiff's present claims sounding in negligence are barred by the exclusivity provisions of the Workers Compensation Act. There is no genuine issue of material

fact that Flowers Bakery was acting as a principal contractor, and that Plaintiff was performing sanitation work under the terms of a contract that, but for its existence, would otherwise have been performed by Flowers Bakery employees as a part of their regular business duties.

### IV. **CONCLUSION**

On the basis of the foregoing, the Court will enter an Order granting Flowers Bakery's Motion for Summary Judgment.

*[signature: Kevin H. Sharp]*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE